# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-61182
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2022

Lyle W. Cayce
Clerk

Bolivar Chowa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 475 442

---

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Bolivar Chowa, a native and citizen of Cameroon, petitions for review of the decision of the Board of Immigration Appeals ("BIA") upholding the denial by the immigration judge (I.J.) of his application for asylum, withholding of removal, and protection under the Convention Against Torture

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61182

("CAT"). According to Chowa, the BIA erred in affirming the denial of his claims for asylum and withholding of removal based on an adverse-credibility finding. Chowa has abandoned any challenge to the denial of his CAT claim by failing to brief the issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the BIA's decision and consider the I.J.'s decision only to the extent that it influenced the BIA. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Though legal questions are reviewed *de novo*, we review findings of fact for substantial evidence. *Id.* at 594.

Chowa has failed to show that the adverse-credibility determination is not supported by substantial evidence. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017). The I.J. extensively analyzed the record evidence, and the BIA confirmed that the I.J. had set forth specific and cogent reasons, derived from the record, that supported the adverse-credibility determination. *See Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). Significantly, neither the I.J. nor the BIA was required to accept even plausible explanations for the plain inconsistencies in Chowa's story. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 438–39 (5th Cir. 2020). Although the BIA apparently erred in describing one of the inconsistencies noted by the I.J., it is not clear, from the totality of the circumstances, that no reasonable factfinder could make an adverse-credibility ruling. *See Morales*, 860 F.3d at 817.

Without credible evidence, there is no basis to analyze Chowa's contentions in favor of his claims for asylum and withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Accordingly, the petition for review is DENIED.